**SIGNATURE NETWORK INC.,
a California corporation,
Plaintiff—Appellant,**

v.

**Gloria ESTEFAN, an individual; Estefan Enterprises, a Florida corporation, Defendants—Appellees.**

No. 04–16579.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 27, 2006.
Filed Aug. 15, 2006.

Sarah Sevier Farnbach, Esq., David M. Given, Esq., David C. Phillips, Esq., Phillips & Erlewine LLP, San Francisco, CA, for Plaintiff–Appellant.

Robert C. Welsh, Esq., O'Melveny & Myers, LLP, Los Angeles, CA, Jeffrey Knowles, Clinton Todd, Coblentz Patch Duffy & Bass, LLP, San Francisco, CA, for Defendant–Appellee.

Before: MERRITT,* KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

Signature Network appeals the district court's grant of summary judgment in favor of the Estefan defendants. Signature argues that Estefan owes them more than $400,000 for breaching their merchandising agreement. Signature argues that, at a minimum, the contract is ambiguous, so summary judgment cannot be awarded because the interpretation of an ambiguous contract is a question of fact.[1]

We are satisfied that the contract is not ambiguous. What is central here is the meaning of the word "hereunder" in Paragraph 7 of the Amendment. The word "hereunder" refers only to the unre-

---

* The Honorable Gilbert S. Merritt, Senior Circuit Judge for the United States Court of Appeal for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *See California Cas. Indem. Exch. v. Frerichs,* 74 Cal.App.4th 1446, 1450, 88 Cal.Rptr.2d 858 (1999).

couped advances under the Amendment, not the unrecouped advances from the Agreement. The specification of the tour beginning in 2000 in replacement section 6.3, as well as replacement section 6.4, makes it clear that it is the new tour, and not the insufficient recoupment from the old tour, that the parties were referring to in Paragraph 7.

This interpretation of the term "hereunder" in Paragraph 7 is supported by the remainder of the contract. In Paragraph 2 of the Amendment the parties "clarified" that the "unrecouped Advances paid under the Agreement shall continue to be recoupable from royalties earned *hereunder.*" The parties also clearly distinguished in Paragraph 5 between "Advances under the Agreement and this Amendment."

██ Under California law, a court is required to "receive any proffered extrinsic evidence." [2] However, extrinsic evidence has to "show whether a contract is reasonably susceptible of a particular meaning." [3] Here, the extrinsic evidence offered by Signature was not admissible even under California's liberal parole evidence rule because it was settlement talk,[4] and, even if it arguably was not, it did not demonstrate that the contract is susceptible to the interpretation urged by Signature.

Because the contract is not ambiguous and is not susceptible to Signature's interpretation, the district court was correct in granting summary judgment for the Estefan defendants.

The Estefan parties's motions to strike portions of Signature's brief and to supplement the record with additional excerpts are denied.

**AFFIRMED.**

---

**2.** *Wolf v. Superior Court,* 114 Cal.App.4th 1343, 1350, 8 Cal.Rptr.3d 649 (2004) (internal quotation marks omitted).

**3.** *Id.* (internal quotation marks omitted).

